UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SULAYMAN SARR,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>I. JACQUEZ ,<br><br>　　　　　　Respondent. | CASE NO. 2:23-cv-00107-JHC-BAT<br><br>**REPORT AND RECOMMENDATION DENYING MOTION TO CERTIFY AND STRIKING MOTION TO PROCEED IFP** |

On November 21, 2023, Petitioner filed a *pro se* "Motion to Certify and/or Order for Certification and an Application to Proceed *In forma Pauperis* (IFP). Dkts. 13, 14. For the reasons below, the Court recommends **DENYING** the motion and **STRIKING** the application to proceed *in forma pauperis* (IFP) as moot.

The *pro se* "Motion" alleges new civil causes of action that Petitioner seeks to insert into this closed cause which involved a separate cause of action: federal habeas corpus relief regarding the length of imprisonment due to a felony conviction. On January 1, 2023, Petitioner by the counsel, the Federal Public Defender, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 alleging Petitioner was entitled to First Step Act Earned Time Credits and the Bureau of Prisons had improperly deemed Petitioner ineligible for such credits because he had an immigration detainer. Dkt. 1. The Court did not resolve the merits of Petitioner's claim because

REPORT AND RECOMMENDATION
DENYING MOTION TO CERTIFY AND
STRIKING MOTION TO PROCEED IFP - 1

1   Petitioner was released, and the parties stipulated the habeas petition should therefore be
2   dismissed as moot. Dkts. 7,8.

3   Petitioner now files a *pro se* Motion alleging "I. Jacquez and or Director C. Peters and the
4   BOP" violated his rights under the Fifth Amendment by falsely imprisoning him under Federal
5   and Washington State Law and that these individuals negligently inflicted emotional distress.

6   Petitioner further contends he was convicted of Conspiracy to Distribute
7   Methamphetamine under 21 U.S.C. §§ 841(A)(1)(8) and 846 on July 27, 2021, in the District of
8   Nevada and sentenced to a term of 24 months of imprisonment and 36 months of supervised
9   release. *See* Dkt 13., Exhibit A. Petitioner argues this felony conviction does not bar him from
10  admission to the United States because he has demonstrated a "qualifying crime" and "physical
11  or mental abuse" (ostensibly due to the emotional and physical distress caused by his
12  immigration detention), and he is therefore entitled to a "U-Visa" and be admitted to the United
13  States.

14  The specific relief Petitioner's *pro se* motion seeks is judicial certification of an I-918
15  form for U-Non-Immigrant Visa. For the reasons below the Court should deny the requested
16  relief.

17  As an initial matter, Petitioner seeks *pro se* relief via an earlier habeas case in which he is
18  represented by counsel, and which has been closed. Any request for relief Petitioner seeks should
19  thus be filed counsel, and not via a *pro se* motion. LCR 83.2(b)(5); CrR (1)(a) (adopting Local
20  Civil Rule 83.2(b)). Further, Petitioner's *pro se* motion presents a separate lawsuit and therefore
21  dismissal without leave to amend his habeas petitioner, which has been terminated, is
22  appropriate. *See Planned Parenthood of S. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997)
23  (leave to permit supplemental pleading "cannot be used to introduce a separate, distinct and new

1 cause of action"). Even if the Court put these concerns aside, the relief requested is not relief that
2 this Court should grant.

3     Petitioner's motion that the Court certify an I-918 form for a U-Visa is governed by
4 statute. Under 8 U.S.C. § 1184 (1) which governs the petitioning procedures for §
5 1101(a)(15)(U) visas, the petition filed by an alien under § 1101(a)(15)(U)(i) shall contain a
6 certification from a Federal, State, or local law enforcement official, prosecutor, judge, or other
7 Federal, State, or local authority *investigating criminal activity described in section*
8 1101(a)(15)(U)(iii) of this title. This certification shall state the alien "has been helpful, is being
9 helpful, or is likely to be helpful" in the investigation or prosecution of criminal activity
10 described in section 1101(a)(15)(U)(iii) of this title.

11     This Court is not and has never been, involved in the investigation or prosecution of the
12 criminal activity underlying Petitioner's federal criminal conviction in the District of Utah,
13 which Petitioner attached to his motion in support. The Court according concludes it cannot
14 grant Petitioner's request to certify the I-918 U-Visa form.

15     Additionally, to apply for and be granted a U-Visa, Petitioner is subject to the
16 requirements of 8 U.S.C. § 1101(U)(i) in addition to § 1184. Specifically, the Secretary of
17 Homeland Security must determine an alien who files a petition for U-Visa status has:
18     (I) suffered substantial physical or mental abuse as a result of having been a victim of
19 criminal activity described in clause, which includes ape; torture; trafficking; incest; domestic
20 violence; sexual assault; abusive sexual contact; prostitution; sexual exploitation; stalking;
21 female genital mutilation; being held hostage; peonage; involuntary servitude; slave trade;
22 kidnapping; abduction; unlawful criminal restraint; false imprisonment; blackmail; extortion;
23 manslaughter; murder; felonious assault; witness tampering; obstruction of justice; perjury; fraud

1  in foreign labor contracting;

2  (II) the alien possesses information concerning criminal activity described above;

3  (III) the alien has been helpful, is being helpful, or is likely to be helpful to a Federal,
4  State, or local law enforcement official, to a Federal, State, or local prosecutor, to a Federal or
5  State judge, to the Service, or to other Federal, State, or local authorities investigating or
6  prosecuting criminal activity; and

7  (IV) the criminal activity violated the laws of the United States or occurred in the United
8  States (including in Indian country and military installations) or the territories and possessions of
9  the United States.

10  Petitioner contends in his motion that he is entitled to a U-Visa because he was a "crime
11  victim" As noted above, this Court is not and has not been involved in Petitioner's federal
12  conviction in the District of Utah. Petitioner's District of Utah felony conviction is not a basis
13  upon which this Court can certify or find Petitioner is a "crime victim." Petitioner also suggests
14  he is a crime victim on the grounds the Bureau of Prisons incorrectly determined he was not
15  eligible for First Step Act Earned Time Credits and detained Petitioner's for a period longer that
16  it should have. The Court did not decide the merits of this claim and declines to find the period
17  of time Petitioner served in Bureau of prison's detention as part of his District of Utah prison
18  sentence constitutes a qualifying crime that is a prerequisite for a certification for an application
19  of a U-Visa.

20  For the foregoing reasons, the Court recommends Petitioner's motion to certify a form I-
21  918 form for U-Non-Immigrant Visa, Dkt. 13, be **DENIED**, and the motion to proceed *in forma*
22  *pauperis*, Dkt. 16, be **STRICKEN** as moot.

23

REPORT AND RECOMMENDATION
DENYING MOTION TO CERTIFY AND
STRIKING MOTION TO PROCEED IFP - 4

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **December 11, 2023.** The Clerk should note the matter for **December 15, 2023**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. The failure to timely object may affect the right to appeal.

The Clerk of Court shall provide a copy of this Order to Petitioner. The Clerk of Court is further directed to terminate and close this matter.

DATED this 27th day of November 2023.

BRIAN A. TSUCHIDA
United States Magistrate Judge